UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 13-** |
| | : | |
| v. | : | |
| | : | 18 U.S.C. §1341 (Mail Fraud); |
| **JONATHAN WEIR,** | : | 18 U.S.C. §2 (Causing an Act to be Done); |
| | : | 18 U.S.C. §981(a)(1)(C), |
| Defendant. | : | 28 U.S.C. §2461(c), and |
| | : | 21 U.S.C. §853(p)(Criminal Forfeiture). |

## INFORMATION

The United States Attorney informs the Court:

### COUNT ONE

### (MAIL FRAUD)

### Introduction

At all times material to this Information:

1. The defendant JONATHAN WEIR was employed at a bank as a private banking associate, with the job of assisting in the management of high net-worth clients and their bank accounts. The bank was a financial institution in that its deposits were insured by the Federal Deposit Insurance Corporation.

2. From 2000 to 2012, the defendant JONATHAN WEIR worked with various clients, among them a married couple with accounts at the bank where WEIR worked (identified here as "Clients A and B" or "the Clients").

3. At least by 2012, the defendant JONATHAN WEIR worked at a branch of the bank located in the District of Columbia.

4. United Parcel Service ("UPS") was a commercial interstate carrier of letters,

1

packages, and other items.

5. The defendant JONATHAN WEIR's employer had an account with UPS and bank employees were able to request UPS services to send items, including cashier's checks, through interstate commerce using UPS carriers.

## The Scheme

6. From in or about May 2005, until in or about August 2012, within the District of Columbia and elsewhere, the defendant JONATHAN WEIR devised and intended to devise a scheme to defraud and to obtain money from his employer and Clients A and B by withdrawing without authorization funds, in excess of $1.4 million, from the bank accounts of Clients A and B, as is more fully described below.

7. It was part of the scheme to defraud that from May 2005 to August 2012, the defendant JONATHAN WEIR withdrew a total of $1,469,510 from two bank accounts belonging to Clients A and B without their permission, knowledge, or authority.

8. It was a further part of the scheme to defraud that, up until about 2012, the defendant JONATHAN WEIR obtained money from the Clients' accounts by preparing debits on the Clients' accounts, and then issuing a cashier's check to one of three individuals, who would ordinarily deposit the money and then return a portion of the money to defendant WEIR.

9. It was a further part of the scheme to defraud that, starting in 2012, when the defendant JONATHAN WEIR was no longer able to issue cashier's checks himself, he continued to prepare debits but then would request another office in the bank to issue the cashier's checks. As this other office was located in Pittsburgh, Pennsylvania, WEIR would then request that the cashier's checks be sent to his attention at his then current work location at a branch in the District of Columbia through the bank's mailing account with UPS.

10. It was a further part of the scheme to defraud that occasionally the defendant JONATHAN WEIR also stole money from the Clients' accounts by preparing money orders or "cash out" tickets, meaning that he withdrew cash from the account; he also lacked authority from the Clients to take their funds in this manner.

11. On or about June 1, 2012, in the District of Columbia and elsewhere, the defendant JONATHAN WEIR for the purpose of executing, and attempting to execute the above-described scheme to defraud and for obtaining money and property by materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by a commercial interstate carrier, that is UPS, cashier's check number xxx7941 in the amount of $10,000 made payable to W.J., drawn on the account of Clients A and B without their authorization and knowledge, from Pittsburgh, Pennsylvania to the District of Columbia.

**(Mail Fraud, Causing an Act to Be Done, in violation of
Title 18, United States Code, Sections 1341 and 2).**

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One of this Information, the defendant JONATHAN WEIR shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The property subject to forfeiture includes a forfeiture money judgment against the defendant in the amount of $1,469,510.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

3

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28 United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

RONALD C. MACHEN JR.

United States Attorney
for the District of Columbia

By: _____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-7820